Filed 8/8/25  P. v. Simpson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | No. E084595 |
| v. | (Super.Ct.No. RIF109059) |
| QUINTELLE DERREL SIMPSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge.  Dismissed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Quintelle Derrel Simpson appeals the trial court's postjudgment order denying his petition for resentencing of his first degree murder (Pen. Code,[1] § 187, subd. (a)) and attempted willful, deliberate and premediated attempted murder (§§ 664/187, subd. (a)) convictions under section 1172.6. Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record.

In addition, defendant has had an opportunity to file a supplemental brief with this court. On June 4, 2025, we notified defendant: (1) counsel filed a brief indicating no arguable issues had been identified; (2) as a case arising from an order denying postconviction relief, this court was not required to conduct an independent review of the record, but we could do so in our discretion; and (3) in accordance with the procedures set forth in *Delgadillo*, he had 30 days in which to file a supplemental brief raising any argument he wanted this court to consider. We also notified defendant that if we did not receive a brief within that 30-day period, we may dismiss the appeal as abandoned. More than 30 days have elapsed, and we have received no communication from defendant.

We consider defendant's appeal abandoned and order the appeal dismissed. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

---

[1] All future statutory references are to the Penal Code.

2

## II.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____

Acting P. J.

We concur:


FIELDS_____

J.


RAPHAEL_____

J.